UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRANK A. WALLMULLER,

        Plaintiff,

v.

CASEY SALISBURY, *et al.*,

        Defendants.

CASE NO. C09-5534RJB

ORDER

This case has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. The matter is before the court upon defendants' motion for summary judgment. Doc. 6.

After reviewing the record the court finds and orders as follows:

1. In response to the motion for summary judgment, plaintiff has sent two letters addressed to the court. The letters have been made part of the record and the court construes the letters as (i) a motion for a continuance or extension of time to complete pretrial matters (Doc. 9) and (ii) a notice of a change of address (Doc. 10).

As acknowledged by plaintiff in his letters, ex-parte communication is inappropriate and all futures requests or pleadings must be made in the form of a motion in compliance with Federal Rules of Civil Procedure.

Plaintiff shall note the requirements of filing and responding to a motion provide by Local Civil Rule CR 7(b), which states:

**(b) Motions and Other Papers**

> (1) *Obligations of Movant*. The moving party shall serve the motion and a proposed order on each party that has appeared in the action, and shall file the motion and proposed order with the clerk. The argument in support of the motion shall not be made in a separate document but shall be submitted as part of the motion itself. If the motion requires consideration of facts not appearing of record, the movant shall also serve and file copies of all affidavits, declarations, photographic or other evidence presented in support of the motion.
>
> All motions shall include in the caption (immediately below the title of the motion) the date the motion is to be noted for consideration upon the court's motion calendar. See CR 7(d) for scheduling motions and briefing deadlines. The form for this notation shall be as follows:
>
> NOTE ON MOTION CALENDAR: [insert date noted for consideration]
>
> (2) *Obligation of Opponent*. Each party opposing the motion shall, within the time prescribed in CR 7(d), file with the clerk, and serve on each party that has appeared in the action, a brief in opposition to the motion, together with any supporting material of the type described in subsection (1). If a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.
>
> (3) *Reply Brief*. The moving party may, within the time prescribed in CR 7(d), file with the clerk, and serve on each party that has appeared in the action, a reply brief in support of the motion, together with any supporting material of the type described in subsection (1).
>
> (4) *Oral Argument*. Unless otherwise ordered by the court, all motions will be decided by the court without oral argument. Counsel shall not appear on the date the motion is noted unless directed by the court. A party desiring oral argument shall so indicate by typing ORAL ARGUMENT REQUESTED in the caption of its motion or responsive memorandum. If

a request for oral argument is granted, the clerk will notify the parties of the date and time for argument.

(5) *Decisions on Motions*. All motions will be decided as soon as practicable, and normally within thirty days following the noting date. The court encourages counsel to call the assigned judge's in-court deputy clerk to verify that a motion is scheduled for determination if a decision on the motion has not been received within 45 days of the noting date.

In addition plaintiff shall also note:

The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, deposition, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

Rand v. Rowland, 154 F.3d 952, 962-963 (9th Cir. 1998).

2. To accommodate the fact that plaintiff is currently in custody, proceeding without the aid of an attorney, and he has been recently transferred to another facility, the court will GRANT plaintiffs' motion for an extension of time, including time to respond to the pending motion for summary judgment.

3. Defendants' motion for summary judgment will be continued until January 22, 2010. Plaintiff's opposition to the motion must be filed by Tuesday, January 18, 2010.

4. All discovery shall be completed by March 1, 2010. The dispositive motion deadline is reset to April 15, 2010, and the joint status report due date is extended until June 1, 2010.

1     5. The Clerk of Court is directed to send a copy of this Order and the Magistrate Judges'
2 General Order to plaintiff.

DATED this 11th day of December, 2009.

*/s/ J. Richard Creatura*

J. Richard Creatura
United States Magistrate Judge