UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRANK A. WALLMULLER,

                    Plaintiff,

    v.

CASEY SALISBURY *et al.*,

                    Defendants.

No. 09-CV-5534BHS/JRC

ORDER ON PENDING MOTIONS AND ORDER DIRECTING DEFENDANTS TO RE-SERVE DOCUMENTS ON PLAINTIFF

      This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4. Before the court are four motions.

      The first motion is a motion for summary judgment filed by the defendants (Dkt. # 6). The motion for summary judgment was originally noted for November 27, 2009. Plaintiff sent a letter explaining that he could not respond because he had just been transferred from the Mason County Jail to the Washington Corrections Center (Dkt. # 10). On its own motion, the court entered an Order that extended the time for filing an answer and re-noted the motion for summary judgment for January 22, 2010 (Dkt. # 11).

ORDER- 1

Plaintiff subsequently filed three motions. Plaintiff is trying to name and serve one of the John Doe defendants in the action. He has filed a motion to issue summons and a motion to substitute or change the name of a defendant (Dkt. # 12 and 13). Plaintiff has also filed a motion asking for appointment of counsel (Dkt # 14). Plaintiff filed a letter response to the motion for summary judgment, which was received on January 29, 2010. Plaintiff alleges that he was moved from the Mason County Jail to the Intensive Management Unit at the Washington Corrections Center Intensive Management Unit and is without his legal papers.

All of plaintiff's pending motions are DENIED. The motion to substitute Tom Haugen for one of the John Does and the motion to issue a summons for Mr. Haugen are denied, without prejudice. Service of another defendant at this point in the case would further delay consideration of the motion for summary judgment. Naming Mr. Haugen does not appear to affect the issues raised in the summary judgment motion, so the court sees no reason to further delay consideration of that motion. If this case survives the pending motion for summary judgment, plaintiff may again raise the issue of naming this person as a defendant and serving him.

The motion for appointment of counsel is DENIED because there is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court can request counsel to represent a party, the court may do so only in exceptional circumstances. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Wilborn, 789 F.2d at 1331.

ORDER- 2

Plaintiff has demonstrated an adequate ability to articulate his claims pro se (Dkt # 1). The claim is that plaintiff was denied access to court during his criminal trial because of the alleged inadequacies of the Mason County Jail law library.

Plaintiff indicates that he is without his legal materials as a result of his transfer to prison and placement in the Intensive Management Unit. Defendants are **ORDERED** to take steps to ensure plaintiff has the following documents:

1. A copy of the complaint in this action.
2. A copy of the answer.
3. A copy of the currently pending motion for summary judgment with all attachments.

Defendants may send the documents and file a copy of the documents sent with an affidavit of service by mail, or if they prefer they may have someone personally serve the documents on plaintiff and file an affidavit stating with specificity what documents were personally served. Service of these papers and the filing of proof of service should occur as soon as possible.

The defendant's motion for summary judgment (Dkt. # 6) is re-noted for March 19, 2010. Plaintiff's response is due on or before March 12, 2010. Any reply defendants wish to file must be received on or before March 19, 2010.

The Clerk's office is directed to remove Dkt. #12, 13, and 14 from the court's calendar and re-note Dkt. #6 for March 19, 2010.

DATED this 2nd day of February, 2010.

J. Richard Creatura
United States Magistrate Judge

ORDER- 3

ORDER- 4