UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FRANK A. WALLMULLER,<br><br>   Plaintiff,<br><br>   v.<br><br>CASEY SALISBURY, et al.,<br><br>   Defendants. | No. C09-5534BHS<br><br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 47), and Plaintiff's ("Wallmuller") objection to the report and recommendation (Dkt. 53) and his motion to dismiss for lack of subject matter jurisdiction (Dkt. 51). The Court has considered the report and recommendation, Wallmuller's objections and motion to dismiss, and the remaining record, and hereby adopts the Report and Recommendation and denies Wallmuller's motion to dismiss for the reasons stated herein.

**I. PROCEDURAL AND FACTUAL HISTORY**

This matter arises out of a challenge by Wallmuller to the adequacy of legal materials provided or not provided by the Mason County court system, which Wallmuller contends caused him an inability to prepare his case in this matter. He brings this action pursuant to 42 U.S.C. § 1983. *See* Dkt. 47 at 1.

On July 1, 2009, Wallmuller filed his complaint against Defendants (collectively "Salisbury"). The summons and complaint were not served on Salisbury until August 3, 2009. Dkt. 1 at 2; Dkt. 51 at 2. Salisbury served notice of and removed this action to federal court on September 2, 2009. Dkt. 1.

ORDER – 1

On April 30, 2010, the Magistrate Judge issued a report and recommendation (Dkt. 47) wherein he recommended summary judgment and dismissal in favor of Salisbury. The Magistrate Judge found both that (1) Wallmuller had failed to demonstrate actual injury as a result of the alleged failure of Salisbury to provide adequate legal materials and that (2) Wallmuller's claims also failed on the basis of qualified immunity. Dkt. 47 at 1-2.

On May 21, 2010, Wallmuller filed an affidavit objecting to the report and recommendation. Dkt. 53. On May 26, 2010, Salisbury responded to the objections and the motion to dismiss. Dkt. 54. Wallmuller filed several more affidavits in support of his motion and objections but did not reply to Salisbury's response.

Additionally, on May 17, 2010, Wallmuller moved for dismissal of this matter based on lack of subject matter jurisdiction. Dkt. 51. Wallmuller contends that Salisbury's removal of this matter was untimely.

## II. DISCUSSION

### A. Plaintiff's Motion to Dismiss

Wallmuller moves the Court to dismiss this case on the basis that removal in the matter was untimely. Removal is timely if properly effected within "thirty days after receipt by the defendant, through service or otherwise, of the [complaint] . . ., or within thirty days after the service of summons upon the defendant . . . ." 28 U.S.C. § 1446. The summons and complaint in this matter were served on Salisbury on August 3, 2009 and removal was effected on September 2, 2009, which is within the thirty-day window. *See* Dkt. 1 at 1-2 (notice of removal). Therefore, Wallmuller's motion to dismiss (Dkt. 51) is denied because it is without merit.

### B. Report and Recommendation

#### 1. Actual Injury

In his objections to the report and recommendation, Wallmuller did not establish facts that would create a material question of fact as to whether he was actually injured, which is required in a claim for denial of meaningful access to the courts. *See Lewis v. Casey*, 518

ORDER – 2

U.S. 343, 349 (1996) (holding that a prisioner must show some actual injury resulting from the denial of access in order to allege a constitutional violation). Therefore, the Court adopts the report and recommendation on this basis.

### 2. Failure to Name Participants In Wrongdoing

A plaintiff must name persons that personally participated in the alleged wrongdoing in order to maintain a § 1983 claim. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). The Court agrees with the Magistrate Judge's conclusion that Wallmuller has failed to so name defendants in this matter.

The Court also agrees with the Magistrate Judge that Wallmuller's failure to so name defendants in this matter is an additional basis to support dismissal of his action against Salisbury. *See* Dkt. 47 at 7.

### 3. Qualified Immunity

Finally, the Court concurs with the Magistrate judge that Wallmuller has failed to show that any of the Defendants in this matter, identified or unidentified, violated a constitutional right alleged in the complaint. In such cases, a public official engaged in a discretionary function enjoys qualified immunity from civil actions for damages. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Therefore, qualified immunity is a third basis on which to uphold the report and recommendation in this matter

## III. CONCLUSION

Therefore, the Court **ADOPTS** the report and recommendation for the reasons stated herein, and **GRANTS** summary judgment in favor of Defendants, dismissing the complaint herein without prejudice.

DATED this 21st day of June, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 3